OPINION
On March 10, 1979, appellant, Donald Jack Detwiler, and appellee, Charlene Louise Detwiler, were married. Two children were born as issue of said marriage, Erin born May 9, 1981 and Kayla born October 13, 1987.
On February 6, 1995, appellant filed a complaint for divorce. A final hearing was held on October 16, 1995. By judgment entry filed October 31, 1995, the trial court granted the divorce and issued several orders including child support and spousal support to appellee and a $20,000 payment from appellant to appellee "for the interest in the home."
On December 16, 1996 and March 11, 1997, appellee filed a motion for contempt and amended motion for contempt, respectively, against appellant on several issues including failure to pay spousal support and the $20,000 payment. A hearing was held on May 12, 1997. The trial court heard evidence that appellant had filed bankruptcy on December 9, 1996 listing his debts as the $20,000 payment and $1,559.96 in attorney fees. By judgment entry filed May 13, 1997, the trial court found appellant in contempt and held the $20,000 payment was to be used for maintenance of the spouse and children.
Appellant filed a notice of appeal and this matter is now before this court for consideration. Assignment of error is as follows:
I
 THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION BY CHANGING IT PREVIOUS ORDER THAT APPELLANT WAS TO PAY $20,000.00 PROPERTY SETTLEMENT IN ORDER THAT APPELLANT PAY $20,000.00 FOR SUPPORT.
 I
Appellant claims the trial court erred in modifying its previous order. We agree.
By judgment entry filed May 13, 1997, the trial court found the order of a $20,000 payment from appellant to appellee was not a property settlement award but was to be used for maintenance of appellee and the children. In awarding the $20,000 payment to appellee in its original order filed October 31, 1995, the trial court found and concluded as follows:
 12. The parties owned a marital residence which was sold just prior to the divorce in October of 1994, for sixty-one thousand three hundred and thirty-five dollars and forty-five cents ($61,335.45). Proceeds of the sale paid off an automobile at six thousand dollars ($6,000.00) and testimony clearly showed that Plaintiff withdrew the other fifty-five thousand dollars ($55,000.00) from September to October 1994. The husband claims he used the money to live on, left fourteen thousand dollars ($14,000.00) in a drawer, and paid parents back on a twenty-seven thousand dollar ($27,000.00) loan for the house. There was no note or mortgage and the Defendant denies that it was a loan. Witnesses called to testify stated that wife said it was a loan and Plaintiff's mother acknowledges she received twenty-seven thousand dollars ($27,000.00) in cash and it was a loan. The court finds that after sixteen (16) years of marriage, a home that was completely paid off, no note or mortgage, and cash left in a drawer, that the wife is entitled to some equity. (Emphasis added.) (Finding of Fact No. 12)
After the divorce, appellant filed for bankruptcy on December 9, 1996 listing the $20,000 payment as a property settlement debt. The Bankruptcy Court subsequently discharged the debt.[1]
On the record at the May 12, 1997 hearing, the trial court stated as follows:
 With respect to the issue of the property settlement, the, ah . . . court if fairly sure that the Court intended that to be one of maintenance and support and although it was to pay in a lump sum . . . the Court will now review that and see how that may be best addressed . . . at some kind of future things . . . payments.
* * *
 It is clear to the Court that . . . he doesn't have twenty thousand dollars ($20,000.00) in his backyard or something that he can dig up or . . . do and I will try to fashion something equitable in terms that this was a maintenance award . . . and, ah . . . certainly wasn't something that was going to be property division or meant to be discharged by the Court in bankruptcy.
T. at 61-63.
Appellant argues the trial court erroneously changed the $20,000 payment from a property settlement payment to a support payment. Appellant argues a trial court cannot modify its order with respect to a division of property.
Appellee argues the language in the May 13, 1997 judgment entry, "wife is entitled to some equity," refers to an equitable distribution and not a proportionate share in the marital property's equity. We note half of the amount remaining from the proceeds of the sale of the marital property after the repayment of a $27,000 loan is $17,000.
We agree with appellant a trial court cannot modify a property settlement award made as part of a distributive award. R.C. 3105.171(I) clearly states "[a] division or disbursement of property or a distributive award made under this section is not subject to future modification by the court." This statute codified the decision of Wolfe v. Wolfe (1976), 45 Ohio St.2d 399, wherein the Supreme Court of Ohio held a property settlement award is not subject of modification after judgment.
Upon review, we find the implicit language of the May 13, 1997 judgment entry created a $20,000 property settlement award because said amount was included in the discussion of the sale of the marital property, the trial court specifically referred to it as equity and the amount is mathematically close to half of the remaining proceeds from the sale of the marital property ($17,000). We acknowledge it is within the inherent power of the trial court to explain a property settlement award ruling, but a trial court may not modify it. In the case sub judice, the trial court erred in modifying its order in light of the mandate of R.C.3105.171(I).
The sole assignment of error is granted.
The judgment of the Court of Common Pleas of Stark County, Ohio, Family Court Division is hereby reversed as to the $20,000 payment.
By Farmer, P.J., Gwin, J. and Wise, J. concur.
 JUDGMENT ENTRY
CASE NO. 1997 CA 00181
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Stark County, Ohio, Family Court Division is hereby reversed as to the $20,000 payment.
[1] It is conceded a support order is not dischargeable but a property settlement is. 11 U.S.C. § 523(a)(15).